*United States v. Guerrier*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of March, two thousand twenty-two.

PRESENT:
> GUIDO CALABRESI,
> SUSAN L. CARNEY,
> BETH ROBINSON,
> > *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

> *Appellee*,

> v.

> No. 20-3469

EDWIN GUERRIER, AKA EDDY F,

> *Defendant-Appellant*,

CARLOS FABIAN, FERNANDO FERRER, TAMIKA SWEAT, WILLIAMS JONES, AKA POLLY, MAURICE MURPHY, AKA MARKY D, EUGENE JOHNSON, TORREN STUBBS,

> *Defendants.*\*

_____

_____

\* The Clerk of Court is directed to amend the case caption to conform to the above.

FOR APPELLANT:                              MEGAN WOLFE BENETT, Kreindler &
                                            Kreindler LLP, New York, NY.

FOR APPELLEE:                               SAMUEL L. RAYMOND, Assistant United
                                            States Attorney (David Abramowicz, *on the
                                            brief*), *for* Audrey Strauss, United States
                                            Attorney for the Southern District of New
                                            York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Rakoff, *J.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on September 24, 2020, is **AFFIRMED**.

In 2020, Defendant-Appellant Edwin Guerrier pleaded guilty to one count of conspiracy to distribute and possession with intent to distribute at least 5 kilograms of cocaine, *see* 21 U.S.C. § 841(b)(1)(A), one of four counts charged in a fourth superseding indictment. The district court sentenced Guerrier to 156 months' imprisonment and a five-year term of supervised release. As a part of Guerrier's judgment of conviction, the district court also entered an order of forfeiture in the amount of $450,000, directing that Guerrier's liability for the amount was joint and several with that of Guerrier's codefendants charged in the superseding indictment. Guerrier now challenges the procedural and substantive reasonableness of his sentence. He also contends that the $450,000 forfeiture judgment entered by the district court was inconsistent with principles of joint-and-several liability set out in *Honeycutt v. United States*, 137 S. Ct. 1626 (2017), rested on insufficient evidence, and violated the Eighth Amendment's prohibition on excessive fines. We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision to affirm.

a.      Procedural and substantive reasonableness

Guerrier contends that his sentence is procedurally and substantively unreasonable because the district court failed explicitly to address his argument that his COVID-19

2

comorbidities weigh in favor of giving him no more than the ten-year minimum sentence made mandatory by his crime of conviction. We review a district court's sentencing determination for procedural and substantive reasonableness under a "deferential abuse-of-discretion standard." *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)).

At sentencing, Guerrier presented evidence that his obesity and sleep apnea increase his risk of severe illness should he contract COVID-19 while incarcerated, making his overall sentence more punitive than it otherwise would be. The district court did not refer to Guerrier's underlying health conditions when explaining the sentence imposed. On appeal, Guerrier charges that the district court's failure to address his heightened COVID-19 risk constitutes an abuse of discretion requiring resentencing.

Upon review, we find no basis for concluding that Guerrier's sentence is either procedurally or substantively unreasonable. We have "made it clear that 'we do not insist that the district court address every argument the defendant has made'" in support of a lenient sentence. *United States v. Bonilla*, 618 F.3d 102, 111 (2d Cir. 2010) (quoting *United States v. Villafuerte*, 502 F.3d 204, 210 (2d Cir. 2007)). Indeed, a district judge "is not obligated to discuss each section 3553(a) factor on the record . . . before imposing sentence." *United States v. Pugh*, 945 F.3d 9, 25 (2d Cir. 2019). On appellate review, we "presume, in the absence of record evidence suggesting otherwise, that a sentencing judge has faithfully discharged her duty to consider the statutory factors." *Id.* (quoting *United States v. Fernandez*, 443 F.3d 19, 30 (2d Cir. 2006)).

The record here shows no reason to doubt that the district court "faithfully discharged" its duty to consider the section 3553(a) factors, notwithstanding the absence of any explicit reference by the court to Guerrier's COVID-19 comorbidities. *Id.* The district court advised that it had reviewed Guerrier's written submissions and individual characteristics before imposing its sentence. *See* App'x at 190 ("I thought the defense counsel presented me with some excellent stuff and also some very fine letters, which I appreciate and will certainly take into consideration."); *id.* at 193 ("I'm already convinced that [Guerrier] has been a good family man in many respects. And the letters that I got attest to

3

that, attest to his generosity and spirit when it comes to children and people like that.'"). Importantly, the district court also explained why imposing only the mandatory minimum sentence would, in its view, have been inappropriate in this case:

> I think the government is right that [Guerrier] was at the very hub of this terrible misconduct that caused so much harm . . . . And it seems to me that a sentence at just the mandatory minimum, as substantial as that would be, doesn't really fully address his role as the hub, and the punishment that ought to follow . . . . He is obviously an intelligent person. He could have chosen differently. So, weighing all that together and all the other factors under Section 3553(a), I conclude that the right sentence is 13 years . . . .

*Id.* at 200–01. Thus, the district court provided more than just a passing mention to any of the section 3553(a) factors. *Cf. United States v. Corsey*, 723 F.3d 366, 376 (2d Cir. 2013). Instead, it adequately considered "what was necessary to address the various, often conflicting, purposes of sentencing." *Id.* The fact that the district court did not refer to Guerrier's COVID-19 argument does not negate the reasonableness of the incarceratory sentence that the court imposed.

### b. The forfeiture order

Guerrier also challenges the district court's forfeiture order. First, he contends that the Supreme Court's decision in *Honeycutt v. United States* compels us to vacate the order insofar as it applies to him. Second, he argues that the amount of the forfeiture order is not supported by sufficient evidence. Third, he submits that the order constitutes an impermissible excessive fine in violation of the Eighth Amendment. His arguments lack merit.

### i. *Honeycutt v. United States*

In *Honeycutt*, 137 S. Ct. at 1630, the Supreme Court considered 21 U.S.C. § 853(a)(1), the forfeiture statute on which the district court here based its order. Section 853(a)(1) mandates a convicted defendant's forfeiture of "any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of" certain drug crimes. *Id.* After reviewing the text of section 853, the Supreme Court ruled that "forfeiture pursuant to § 853(a)(1) is limited to property the defendant himself actually acquired as the result of

4

the crime." *Honeycutt*, 137 S. Ct. at 1635. Thus, under *Honeycutt*, "a defendant may [not] be held jointly and severally liable for property that his co-conspirator derived from the crime but that the defendant himself did not acquire." *Id.* at 1630. Guerrier claims that he did not himself acquire or control the proceeds of the conspiracy for which he was convicted.

As the government points out, we have explained that "*Honeycutt's* bar against joint and several forfeiture for co-conspirators applies only to co-conspirators who never possessed the tainted proceeds of their crimes." *United States v. Tanner*, 942 F.3d 60, 67–68 (2d Cir. 2019). When a co-conspirator "acquire[s] the full proceeds 'as a result of the crime,'" however, he may "still be held liable to forfeit the value of those tainted proceeds, even if those proceeds are no longer in his possession." *Id.* at 68 (quoting *Honeycutt*, 137 S. Ct. at 1635).[1]

Accordingly, *Honeycutt* does not compel us to vacate the district court's order of forfeiture as it applies to Guerrier so long as sufficient evidence shows that Guerrier at some point acquired the entire proceeds of the underlying drug conspiracy. As discussed below, we conclude that sufficient evidence supports the conclusion that, although Guerrier did not retain the drugs or the full price paid, he did "acquire" those "proceeds" of the charged criminal conspiracy, which is sufficient to satisfy section 853.

### ii. Sufficiency of the evidence

Guerrier also contends that the forfeiture order requiring him and his codefendants[2] to repay $450,000 is not supported by sufficient evidence and therefore must be vacated or reduced.

A district court's forfeiture order must be supported by a preponderance of the evidence. *See United States v. Capoccia*, 503 F.3d 103, 116 (2d Cir. 2007). Rule 32 of the Federal Rules of Criminal Procedure provides further that "[i]f the government seeks a personal

---

[1] Significantly, despite Guerrier's arguments otherwise, it is well established that "proceeds" under 21 U.S.C. § 853 is not limited to "profits" that a defendant acquires through criminal activity. *See, e.g., United States v. Roberts*, 660 F.3d 149, 166–67 (2d Cir. 2011) (affirming calculation of forfeiture by multiplying the quantity of smuggled drugs by their estimated street value, rather than calculating the related gross profit figure).

[2] The district court's forfeiture order is joint and several as to Guerrier and his co-defendants Fernando Ferrer, Eugene Johnson, Torren Stubbs, Maurice Murphy, and Tamika Sweat.

money judgment, the court must determine the amount of money that the defendant will be ordered to pay." Fed. R. Crim. P. 32.2(b)(1)(A). That determination "may be based on evidence already in the record," and, "on any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable." Fed. R. Crim. P. 32.2(b)(1)(B).

We review a district court's factual findings regarding forfeiture for clear error and its legal conclusions *de novo* when an objection is preserved for appeal. *See United States v. Castello*, 611 F.3d 116, 119 (2d Cir. 2010). Because Guerrier did not object to the sufficiency of the evidence supporting the forfeiture order before the district court, however, we review the order now challenged for plain error. Under that standard, we may, in our discretion, intervene only where the appellant demonstrates that: "(1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings; and (4) the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *United States v. Marcus*, 560 U.S. 258, 262 (2010) (internal quotation marks omitted).

Guerrier contends that the record contains insufficient evidence to support the government's "conservative estimate," adopted by the district court, that he paid $450,000 in total for the 15 kilograms of cocaine that he admits were delivered to him during the conspiracy. Appellant's Br. at 19. To reach that figure, the government relied primarily on the testimony of codefendant Carlos Fabian, who testified at the separate trial of co-conspirator Fernando Ferrer that Guerrier purchased kilogram quantities of cocaine on consignment from Fabian and Ferrer. Fabian testified at Ferrer's trial that he delivered "two and three" kilograms a month to Guerrier from "the end of [20]15" until "[e]arly or mid [20]17." App'x at 130, 131. Guerrier would pay between $32,000 to $33,000 per kilogram for the cocaine that Fabian delivered, Fabian further said. Based on that testimony, the government estimated in its sentencing memorandum that Guerrier received at least 16

6

kilograms[3] of cocaine from Fabian and his co-conspirators from late 2015 through the end of 2017, or "1 kilogram every 45 days for two years." *Id.* at 114. In his response to the government's forfeiture submission, Guerrier did not object to this estimate.[4]

On this record, we conclude that sufficient evidence supports the amount of the district court's forfeiture order.

### iii. Eighth Amendment claim

Finally, Guerrier contends that the imposition on him of a $450,000 money judgment amounts to an excessive fine and is accordingly barred by the Eighth Amendment. U.S. Const., amend. VIII ("Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."). He asserts that payment of the $450,000 amount "would leave [him]—with a history only of low-wage employment— in, essentially, indentured servitude for the rest of his natural life." Appellant's Br. at 21.

In *United States v. Bajakajian,* the Supreme Court identified four factors for courts to consider in determining whether a forfeiture amount is grossly disproportionate to the gravity of the offense and thus constitutionally invalid: (1) "the essence of [the defendant's] crime" and the relation of that crime to other criminal activity; (2) whether the defendant fits into the "class of persons for whom the statute was principally designed"; (3) the maximum sentence and fine that could have been imposed; and (4) "the harm" caused by the defendant's conduct. 524 U.S. 321, 337–39 (1998). Our Court also considers "whether the challenged forfeiture would deprive [the defendant] of his livelihood." *United States v. Viloski*, 814 F.3d 104, 114 (2d Cir. 2016).

---

[3] During his plea colloquy, Guerrier admitted to possessing with intent to distribute "5 kilograms or more" of cocaine. The Presentence Report advises that Guerrier "distributed at least 15 kilograms of cocaine" during the course of the conspiracy. PSR ¶ 32. Guerrier did not object to that statement.

[4] Guerrier objects in passing to the government's use of testimony at his co-conspirator's trial to establish the price of the cocaine, but this objection has no merit. The district court is entitled to rely on testimony given under oath in a related proceeding to undergird its forfeiture order. *See United States v. Cacace*, 796 F.3d 176, 191 (2d Cir. 2015) ("A sentencing court is entitled to rely on any type of information known to it, even information gleaned from a trial in which the person to be sentenced was neither a defendant nor represented by counsel.") (internal quotation marks omitted)).

We conclude that the forfeiture order is not unconstitutionally excessive. First, Guerrier's crime was very serious. As he admitted in his plea allocution, and as described in the PSR, for several years Guerrier led a large-scale cocaine distribution network out of his home in Newburgh, New York. Second, Guerrier falls within the class of persons for whom the statute under which he was punished (that is, the drug trafficking statute, 21 U.S.C. § 841) were principally designed. Guerrier was a narcotics trafficker. He stored drugs, drug paraphernalia, and drug proceeds in his home, and worked with others to spread drugs in his community. Third, the $450,000 forfeiture order represents only 4.5 percent of the $10 million maximum fine that could have been imposed under the offense of conviction. *See* 21 U.S.C. § 841(b)(1)(A); U.S.S.G. § 5E1.2(c)(4). Finally, Guerrier's conduct caused substantial and serious damage. As the district court stated at sentencing, Guerrier "was at the very hub of this terrible misconduct that caused so much harm." App'x. at 200. In addition, and significantly, in response to Guerrier's concerns about his ability to repay the amount for which he was responsible, the district court took measures to mitigate the burden by imposing limitations on Guerrier's monthly payment obligations once he has served his sentence of imprisonment and is able to start paying his debt. For all these reasons, the order does not offend the Eighth Amendment.

* * *

We have considered Guerrier's remaining arguments and find in them no basis for reversal. For the foregoing reasons, the judgment of the district court is **AFFIRMED.**

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court